UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 24.228.155.118,<br><br>    Defendant. | Civil Action No. 3:23-cv-00215-AWT |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

THIS CAUSE came before the court on the Motion for Default Judgment Against defendant ("Motion") filed by plaintiff Strike 3 Holdings, LLC ("plaintiff"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the court hereby,

    FINDS:

    1.    The address of plaintiff is:

        Strike 3 Holdings, LLC
        c/o Jacqueline M. James
        The James Law Firm PPLC
        445 Hamilton Avenue, Suite 1102
        White Plains, NY 10601
        Email: jameslawcourtfilingsandnotices@jacquelinejameslaw.com

    2.    The name and address of defendant is:

        **[REDACTED]**

    3.    This court has jurisdiction over the subject matter of this case and the parties.

    4.    Venue is proper in this District.

5. The First Amended Complaint ("Complaint") states claims for direct copyright infringement, in violation of the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*), upon which relief may be granted against defendant.

6. The defendant has failed to plead or otherwise defend against plaintiff's First Amended Complaint in this action.

7. Default was entered as to defendant on January 12, 2024.

8. The defendant is neither a minor, an incompetent person, nor is the defendant in active military service.

9. By reason of default, defendant has admitted the truth of the allegations in plaintiff's First Amended Complaint. *See, e.g.*, *Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (noting "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." (internal quotation marks and citation omitted)).

10. Thus, as the First Amended Complaint states, the defendant, without plaintiff's authorization, utilized a BitTorrent system[1] to download and distribute 27 copyrighted motion pictures of the plaintiff (the "Works") listed on Exhibit A to the First Amended Complaint. The plaintiff's investigation revealed that the defendant's actions were willful as evidenced by the use of the BitTorrent system in the manner that the defendant employed it here, and the consistent and prolonged nature of the infringing activity for about three months over 27 separate Works.

---

[1] The First Amended Complaint explains that "BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." (ECF No. 16 at 4, ¶17).

11.     Therefore, under Count I of the First Amended Complaint, defendant is hereby found liable to plaintiff for willfully committing direct copyright infringement.

12.     The defendant's copyright infringement will continue to cause plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of plaintiff's exclusive rights to reproduce, distribute, perform and display the 27 Works through defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from plaintiff.

13.     There will be no injury to defendant caused by entry of a permanent injunction requiring defendant to cease any infringing use of plaintiff's Works.

14.     Additionally, the public would stand to gain from the issuance of a permanent injunction. The "object of copyright law is to promote the store of knowledge available to the public" and to the extent that goal is met by providing financial incentives, "the public's interest may well be already accounted for by the plaintiff's interest." *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010). Here, if plaintiff suffers financial losses due to defendant's infringement, and, as a result, produces fewer motion pictures, the public's "store of knowledge" will be diminished. *See id.* Moreover, "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating" such works. *See WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012).

15.     In accordance with 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65(d), the provisions within this Default Judgment, including the injunction below, shall be binding upon defendant and all other persons in active concert or participation with defendant who receive actual notice of this Default Judgment.

Based on the foregoing findings, it is:

ORDERED AND ADJUDGED that defendant:

(a) shall pay to plaintiff the sum of $20,250 in statutory damages, as authorized under 17 U.S.C. §§ 504(c)(1) and (2), which is due and payable immediately;

(b) shall pay to plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

(c) is hereby enjoined from directly, contributorily, or indirectly infringing upon plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (*e.g.*, download) and/or to distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority from plaintiff;

(d) is hereby ordered to destroy immediately all copies of plaintiff's works that defendant **[REDACTED]** has downloaded onto any computer hard drive or server without plaintiff's authorization, and to destroy immediately all copies of the Works transferred onto any physical medium or device in defendant's possession, custody, or control, see 17 U.S.C. §§ 502(a) and 503; and

(e) the court shall retain jurisdiction over this action for six months or until the judgment is satisfied to enter such further orders, and to entertain such further proceedings supplementary and to this matter as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment.

It is so ordered.

Dated this 29th day of February 2024, at Hartford, Connecticut.

                                                            /s/AWT
                                          Alvin W. Thompson
                                    United States District Judge